FILED
2011 Sep-15 PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT OF ALABAMA**
**SOUTHERN DIVISION, NORTHERN DISTRICT**

**CIVIL ACTION NO.______**

| | | |
|---|---|---|
| **MIKE WOODLEY,** | * | **JURY DEMAND** |
| Plaintiff, | * | |
| | * | **PLAINTIFF REQUESTS** |
| | * | **A STRUCK JURY FOR** |
| | * | **THE TRIAL OF THIS CAUSE** |
| vs. | * | |
| | * | |
| | * | |
| **GE MONEY BANK; LOWES** | * | |
| **DC; LVNV FUNDING, LLC;** | * | |
| **RESURGENT CAPITAL** | * | |
| **SERVICES, L.P.; ARRAY** | * | |
| **SERVICES GROUP, INC.;** | * | |
| **J.C. CHRISTENSEN AND** | * | |
| **ASSOCIATES, INC.; EQUIFAX,** | * | |
| **INC.; TRANSUNION, LLC;** | * | |
| **EXPERIAN INFORMATION** | * | |
| **SYSTEMS, INC.** | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW, the Plaintiff, by and through the undersigned counsel, and would show unto this Court as follows:

## PRELIMINARY STATEMENT

1. The Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as the "FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter referred to as "FDCPA") and common law actions. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p), 15 U.S.C. §

1692(k)(d) and 28 U.S.C. § 1331.

3. The state law claims are also properly before this Court based upon supplemental jurisdiction under 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4. The Northern District of Alabama is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

5. Plaintiff, MIKE WOODLEY, is a natural person and is a resident and citizen of the State of Alabama and of the United States. Plaintiff resides in Shelby County, Alabama which is in the Southern Division of the Northern District. Plaintiff is a consumer as defined by 15 U.S.C. §1681(a)(c).

6. Upon information and belief, Defendant GE MONEY BANK, (hereinafter referred to as "GE Money Bank"), is a corporation doing business in the State of Alabama which opened an account and/or extended a line of credit in Plaintiff's name. Defendant is a furnisher of information as defined in 15 U.S.C. § 1681(s)-2 of the FCRA and/or a user of consumer credit reports.

7. Upon information and belief, Defendant LOWES DC, (hereinafter referred to as "Lowes"), is a corporation doing business in the State of Alabama which opened an account and/or extended a line of credit in Plaintiff's name. Defendant is a furnisher of information as defined in 15 U.S.C. § 1681(s)-2 of the FCRA and/or a user of consumer credit reports.

8. Upon information and belief, Defendant LVNV FUNDING, LLC, (hereinafter referred to as "LVNV"), is a foreign limited liability company doing business in the State of

Alabama. Defendant is a furnisher of information as defined in 15 U.S.C. § 1681(s)-2 of the FCRA and/or a user of consumer credit reports. Upon information and belief, Defendant is a "debt collector" for purposes of the FDCPA as defined in 15 U.S.C. §1692A(6).

9. Upon information and belief, Defendant RESURGENT CAPITAL SERVICES, L.P., (hereinafter referred to as "Resurgent Capital"), is a foreign limited partnership doing business in the State of Alabama which is attempting and/or attempted to collect from the Plaintiff on behalf of Defendant LVNV. Upon information and belief, Defendant is a furnisher of information as defined in 15 U.S.C. § 1681(s)-2 of the FCRA and/or a user of consumer credit reports. Upon information and belief, Defendant is a "debt collector" for purposes of the FDCPA as defined in 15 U.S.C. §1692A(6).

10. Upon information and belief, Defendant ARRAY SERVICES GROUP, INC., (hereinafter referred to as "Array"), is a foreign corporation doing business in the State of Alabama which is attempting and/or attempted to collect from the Plaintiff on behalf of Defendant Resurgent Capital. Upon information and belief, Defendant is a furnisher of information as defined in 15 U.S.C. § 1681(s)-2 of the FCRA and/or a user of consumer credit reports. Upon information and belief, Defendant is a "debt collector" for purposes of the FDCPA as defined in 15 U.S.C. §1692A(6).

11. Upon information and belief, Defendant J.C. CHRISTENSEN & ASSOCIATES, INC., (hereinafter referred to as "J.C. Christensen"), is a foreign corporation doing business in the State of Alabama which is attempting and/or attempted to collect from the Plaintiff on behalf of Defendant Resurgent Capital. Upon information and belief, Defendant is a furnisher of information as defined in 15 U.S.C. § 1681(s)-2 of the FCRA and/or a user of consumer credit reports. Upon

information and belief, Defendant is a "debt collector" for purposes of the FDCPA as defined in 15 U.S.C. §1692A(6).

12. Upon information and belief, Defendant EQUIFAX, INC., (hereinafter referred to as "Equifax"), is a foreign corporation doing business in the State of Alabama. Equifax is a consumer reporting agency, as defined in 15 U.S.C. § 1681(a)(f) and is regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. § 1681(a)(d).

13. Upon information and belief, Defendant TRANSUNION, LLC, (hereinafter referred to as "Transunion"), is a foreign limited liability company doing business in the State of Alabama. Transunion is a consumer reporting agency, as defined in 15 U.S.C. § 1681(a)(f) and is regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. § 1681(a)(d).

14. Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTION, INC., (hereinafter referred to as "Experian"), is a foreign corporation doing business in the State of Alabama. Transunion is a consumer reporting agency, as defined in 15 U.S.C. § 1681(a)(f) and is regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. § 1681(a)(d).

## FACTS

15. Plaintiff is the victim of identity theft.

16. Upon information and belief, Defendants GE Money Bank and Lowes extended a

line of credit in Plaintiff's name to the unidentified and unknown identity thief.

17. Plaintiff began receiving intentional and malicious letters regarding the collection of said alleged debt on the account from Defendants.

18. The disputed account was not owned by Plaintiff and this fact was made known to Defendants on numerous occasions. Plaintiff wrote several letters to and telephoned Defendants disputing the account.

19. The disputed debts are consumer debts as defined by 15 U.S.C. § 1692(a)(6).

20. Defendants GE Money Bank and Lowes published these representations of fraudulent debts to Defendants Equifax, Transunion and Experian and through Defendants to all of Plaintiff's potential lenders.

21. Defendants GE Money Bank and Lowes did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in his credit file.

22. Plaintiff contacted the three credit reporting agency Defendants, Equifax, Transunion and Experian, requesting an investigation and/or reinvestigation of the account and requesting that the account be deleted because he did not owe the alleged debt and that it was a result of identity theft.

23. Defendants Equifax, Transunion and Experian never reported the results of their reinvestigation. Defendants did not perform an investigation and in fact never sent a reinvestigation report to the Plaintiff within the statutory time limit. The Defendants did not respond to Plaintiff in any manner.

24. Plaintiff again contacted the three credit reporting agency defendants, Equifax, Transunion and Experian, requesting an investigation and/or reinvestigation of the account and

requesting that the account be deleted because he did not owe the alleged debt and that it was a result of identity theft.

25. Defendants Equifax, Transunion and Experian never reported the results of their reinvestigation. Defendants did not perform an investigation and in fact never sent a reinvestigation report to the Plaintiff within the statutory time limit. The Defendants did not respond to Plaintiff in any manner.

26. Defendants Equifax, Transunion and Experian chose to continue to prepare and publish false consumer reports about the Plaintiff. Defendants took inadequate action to correct Plaintiff's consumer reports or delete false data or otherwise conduct an appropriate, lawful reinvestigation.

27. Defendants Equifax, Transunion and Experian failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

28. Defendants Equifax, Transunion and Experian failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the FCRA.

29. Upon information and belief, Defendants GE Money Bank and Lowes sold, transferred and/or assigned said fraudulent account to Defendant LVNV.

30. Upon information and belief, Defendant Resurgent Capital, acting as agent for

Defendant LVNV, employed and/or contracted with Defendants Array and J.C. Christensen to collect said fraudulent debt from Plaintiff. Said Defendants engaged in "communications" with Plaintiff for purposes of the FDCPA as defined in 15 U.S.C. §1692A(2).

31. Upon information and belief, said Defendants had direct knowledge that Plaintiff, on numerous occasions, had contacted the three credit reporting agency defendants, Equifax, Transunion and Experian, requesting an investigation and/or reinvestigation of the account and requesting that the account be deleted because Plaintiff did not owe the alleged debt and that it was a result of identity theft.

32. The disputed accounts were not owned by Plaintiff and Plaintiff made this fact known to Defendants LVNV, Resurgent Capital, Array and J.C. Christensen on numerous occasions.

33. Plaintiff presently receives debt collection letters and phone calls over the alleged debt. His credit reports, credit worthiness and credit scores have been negatively impacted by the inaccurate reporting of the Defendants.

33. The disputed debts are consumer debts as defined by 15 U.S.C. § 1692(a)(6).

36. Defendants LVNV, Resurgent Capital, Array and J.C. Christensen published these representations of fraudulent debts to Defendants Equifax, Transunion and Experian and through Defendants to all of Plaintiff's potential lenders.

36. Defendants LVNV, Resurgent Capital, Array and J.C. Christensen did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in his credit file.

37. The Defendants maliciously, wantonly, recklessly, intentionally and/or willfully violated, ignored and refused to follow the requirements of the FCRA, FDCPA, federal and state

law.

38. As a result of the alleged acts above, Plaintiff has been damaged in that he has delinquent accounts on his credit history, has been prevented from obtaining financing (or has been charged excess rates to obtain financing), has been caused to lose the use of his money, and has suffered great embarrassment, emotional distress and mental anguish.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, *et seq.***
**AS TO DEFENDANTS GE MONEY BANK, LOWES DC, LVNV, RESURGENT CAPITAL, ARRAY AND J.C. CHRISTENSEN**

39. Plaintiff readopts and realleges all prior paragraphs of this Complaint.

40. In the entire course of its actions, Defendants willfully and/or negligently failed to comply with 15 U.S.C. §1681(s)-2(b), to respond to the requests for reinvestigation by the Plaintiff by completing a diligent inquiry into the facts underlying the trade-lines and providing accurate information to the credit reporting agencies regarding those trade-lines.

41. Defendants reinvestigation included the following duties and was required to meet the following standards:

(a) To include a review of all information provided to it by the credit reporting agency;

(b) To be conducted in good faith;

(c) To be conducted in such a fashion as to assure the maximum possible accuracy of the Plaintiff's consumer credit report;

(d) To be conducted in such a way as to not violate any of the general prerequisites for Defendants' conduct under 15 U.S.C. §1681(s)-2(a) or any other statutory

requirement for furnishers of credit information;

(e) To be conducted in a reasonable fashion;

(f) To be conducted based on a review of all information reasonably available to Defendants.

42. The Defendants failed in their duty to meet any of said requirements.

43. Following the reinvestigation, Defendants reported the erroneous credit information with actual knowledge of errors and/or consciously avoided knowing that the credit information was inaccurate in violation of the FCRA and the general duties implied to all conduct of furnishers under 15 U.S.C. §1681(s)-2(a)(1)(A).

44. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally and knowingly as part of their routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiff.

45. The Defendants' actions constituted willful and/or negligent noncompliance with the FCRA and entitles Plaintiff to actual damages enumerated in 15 U.S.C. §1681(o) and/or 1681(n).

46. As a direct and proximate result of the foregoing acts and omissions, Plaintiff has been injured and damaged.

WHEREFORE, Plaintiff demands judgment against the Defendants for actual damages, compensatory damages, statutory damages, punitive damages, costs, attorney's fees and for such other and further relief as the Court may deem just and equitable.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

**AS TO DEFENDANTS EQUIFAX, TRANSUNION AND EXPERIAN**

47. Plaintiff readopts and realleges all prior paragraphs of this Complaint.

48. Defendants willfully and/or negligently violated 15 U.S.C. §1681(e) and 1681(i) of the FCRA.

49. Defendants Equifax, Transunion and Experian issued, assembled, transferred and published "consumer reports" regarding Plaintiff, as defined in the FCRA.

50. Defendants Equifax, Transunion and Experian have willfully and/or negligently continuously added, stored, maintained and disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated them in violation of 15 U.S.C. § 1681(e)(b).

51. Defendants Equifax, Transunion and Experian willfully and/or negligently failed to employ reasonable procedures to timely and properly investigate and/or reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

52. Defendants Equifax, Transunion and Experian through their actions, and inactions, as described herein, caused injury to Plaintiff and his reputation.

53. Defendants Equifax, Transunion and Experian willfully and/or negligently failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report(s) and would be suppressed from appearing on Plaintiff's consumer report(s).

54. Defendants Equifax, Transunion and Experian willfully and/or negligently

created, maintained and utilized a credit reporting system which is defective and does not comply with the FCRA.

55. Defendants Equifax, Transunion and Experian willfully and/or negligently improperly posted accounts and other data to Plaintiff's credit files.

56. As a direct and proximate result of the foregoing acts and omissions, Plaintiff has been injured and damaged.

WHEREFORE, Plaintiff demands judgment against the Defendants for actual damages, compensatory damages, statutory damages, punitive damages, attorney's fees and for such other and further relief as the Court may deem just and equitable.

.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et seq.***
**AS TO DEFENDANTS LVNV, RESURGENT CAPITAL,**
**J.C. CHRISTENSON AND ARRAY**

57. Plaintiff readopts and realleges all prior paragraphs of this Complaint.

58. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family and household purposes. More specifically, the following actions of the Defendants violated the FDCPA:

(a) Falsely attempting to collect a debt, by reporting a balance, when there is no legal right to collect the debt;

(b) Taking illegal actions against the Plaintiff;

(c) Refusing to properly update the account;

(d) Failing to show the account as being "disputed" by Plaintiff; and

(e) Reporting the invalid debt on Plaintiff's credit report.

59. The foregoing acts and omissions were undertaken by Defendants LVNV, Resurgent Capital, J.C. Christenson and Array willfully, intentionally and knowingly as part of its routine debt collection business and/or in gross reckless disregard of the rights of Plaintiff.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of 15 U.S.C. § 1692, *et seq.*

61. The foregoing acts and omissions of Defendants were done willfully, with malice, and were done with either the desire to harm and/or would very likely harm Plaintiff and their actions were in violation and/or were done in reckless disregard of the FDCPA.

62. As a direct and proximate result of the foregoing acts and omissions, Plaintiff has been injured and damaged.

WHEREFORE, Plaintiff demands judgment against the Defendants for actual damages, compensatory damages, statutory damages, punitive damages, costs, attorney's fees and for such other and further relief as the Court may deem just and equitable.

## COUNT IV
## DEFAMATION
## AS TO GE MONEY BANK, LOWES DC, LVNV FUNDING, J.C. CHRISTENSEN, RESURGENT CAPITAL AND ARRAY

63. Plaintiff readopts and realleges all prior paragraphs of this Complaint.

64. During the above said time period to the present, Defendants published to various credit reporting agencies, collection agencies and attorneys that Plaintiff was delinquent in paying on said account.

65. Defendants published this information both orally and in writing.

66. Defendants had no factual basis for making said statements. Defendants knew this because Plaintiff notified them that he was a victim of identify fraud and the account was fraudulent.

67. Plaintiff continued to notify Defendants by letters and/or telephone that the charges and account were not his and not authorized by him.

68. The written publications by Defendants constitute libel per se. The verbal publications constitute slander per se.

69. Despite Plaintiff's notice, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not his. Moreover, Defendants acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors and collection agencies that the disputed account was that of the Plaintiff. Defendants' acts constitute express or actual malice.

70. Defendants have defamed Plaintiff by publishing misleading and/or inaccurate information to third parties regarding his creditworthiness.

71. As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish, loss of reputation, loss of the ability to obtain credit, suffering and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful and wanton and to the total disregard of Plaintiff's rights.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against the Defendants for compensatory damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by him due to

the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiffs request that the Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT V
## DEFAMATION AS TO EQUIFAX, TRANSUNION AND EXPERIAN

72. Plaintiff readopts and realleges all prior paragraphs of this Complaint.

73. Defendants have reported to numerous creditors that have made inquiries concerning the creditworthiness of Plaintiff that Plaintiff owed debt to GE Money Bank, Lowes DC and LVNV and that each such debt was delinquent.

74. These reports were made on numerous occasions both before and after being notified by the Plaintiff that he disputed the accuracy of each Defendant's report that the account was owed by the Plaintiff and that the Plaintiff was delinquent on the above described account. Said reports have been republished by the credit reporting agencies in response to inquiries made to them by other creditors.

75. The reports made by the Defendants were done unlawfully, maliciously and without legal authority. Defendants knew, or should have known, that the Plaintiff was not indebted to Defendants GE Money Bank, Lowes DC and/or LVNV.

76. Defendants' actions in making said reports was willful, intentional, reckless, malicious and wanton and made with the intention of causing the Plaintiff to pay a debt which he did not owe.

76. As a direct and proximate result of Defendants' defamation, Plaintiff has suffered

extreme mental anguish, loss of reputation, loss of the ability to obtain credit, suffering and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful and wanton and to the total disregard of Plaintiff's rights.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against the Defendants for compensatory damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by him due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiff request that the Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

**COUNT VI**
**INVASION OF PRIVACY**

77. Plaintiff readopts and realleges all prior paragraphs of this Complaint.

78. Alabama law recognizes the Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

80. Defendants' conduct, as described herein, constitutes a malicious and/or willful invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff and places Plaintiff in a false light in the eyes of those to whom the publications are made.

81. As a direct and proximate consequence of Defendants' malicious and/or willful acts of invading Plaintiff's privacy, Plaintiff has been injured in that he has been caused to suffer severe embarrassment, humiliation and mental and emotional distress.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against the Defendants for compensatory damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by him due to the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiff request that the Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

**COUNT VII**
**HARASSMENT AS TO GE MONEY BANK, LOWES DC, LVNV, RESURGENT CAPITAL, ARRAY AND J.C. CHRISTENSEN**

82. Plaintiff readopts and realleges all prior paragraphs of this Complaint.

83. Defendants' acts, as described herein, were done so intentionally, maliciously and willfully, and without care or concern for Plaitniff's well being. Defendants' harassing collection tactics created a hostile environment for Plaintiff.

84. Defendants wrongfully exploited Plaintiff in an attempt to coerce him into paying the alleged debt.

85. Defendants communications to Plaintiff were offensive and harassing.

86. As a proximate consequence of Defendants' harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed and forced to hire the services of an attorney.

WHEREFORE, premises considered, Plaintiff requests that the trier of fact render a verdict for the Plaintiff and against the Defendants for compensatory damages in an amount which will adequately compensate Plaintiff for the injuries and damages sustained by him due to

the Defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of Defendants' conduct. Further, Plaintiff request that the Court enter judgment consistent with said verdict, and that it also award Plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

Respectfully submitted,

*/s/Chris T. Hellums*
Alabama State Bar No.: ASB-5583-L73C
Booth Samuels
Alabama State Bar No.: ASB-3180-O76S
Attorneys for Plaintiff

**OF COUNSEL:**

PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

**JURY DEMAND**

Plaintiff hereby demands a trial by struck jury in this cause.

*/s/Chris T. Hellums*
Of Counsel for Plaintiff

**REQUEST FOR SERVICE**

Pursuant to Federal Rules of Civil Procedure, 4.1 and 4.2, plaintiff request that the foregoing Summons & Complaint be served by certified mail.

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

GE MONEY BANK\GEMB
P.O. Box 981064
El Paso, TX 79998-1064

LOWES DC
c/o Corporation Service Company
327 Hillsborough Street
Raleigh, NC 27603

LVNV FUNDING, LLC
c/o C T Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104

RESURGENT CAPITAL SERVICES, L.P.
c/o C T Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104

ARRAY SERVICES GROUP, INC.
200 14th Avenue E
Sartell, MN 56377

J.C. CHRISTENSEN & ASSOCIATES, INC.
c/o C T Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104

EQUIFAX, INC.
c/o Prentice Hall Corporation System Inc.
150 S. Perry Street
Montgomery, AL 36104

TRANSUNION, LLC
555 W. Adams Street, Floor 6
Chicago, IL 60661-3719

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o C T Corporation System
2 North Jackson St.
Suite 605
Montgomery, AL 36104